O

# United States District Court
# Central District of California

| | |
|---|---|
| ERNESTO MOULIC, JR.,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA; JEH JOHNSON,<br><br>　　　　　Defendants. | Case № 5:14-cv-01845-ODW(KKx)<br><br>**ORDER DENYING EMERGENCY MOTION TO STAY REMOVAL [2]** |

## I.  INTRODUCTION

On September 5, 2014, Petitioner Ernesto Moulic, Jr. filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and an Emergency Motion to Stay Removal. (ECF Nos. 1, 2.)  Moulic indicates that he is currently being held by the United States Department of Immigration and Customs Enforcement ("ICE") at its Adelanto Detention Facility in Adelanto, California.  After considering Moulic's current and previously filed Petitions, Motion, and Ninth Circuit appeal of the Board of Immigration Appeals's ("BIA") decision, the Court finds that it lacks jurisdiction over Moulic's habeas corpus petition—and consequently over his stay-of-removal request. The Court thus **DENIES** Moulic's Emergency Motion.  (ECF No. 2.)

## II.  PROCEDURAL HISTORY

A jury convicted Moulic of violating California Penal Code section 288.1 (lewd act with a minor). The trial court sentenced him to three years' imprisonment, which Moulic served. On October 22, 2012, after serving his state sentence, ICE picked Moulic up from state custody and detained him in immigration custody.

ICE served Moulic with a Notice to Appear under Immigration and Nationality Act ("INA") § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A), which defines an "aggravated felony" as, among others, sexual abuse on a minor. An immigration judge eventually ordered Moulic's removal and denied discretionary relief. Moulic appealed the immigration judge's decision to the BIA. But on October 30, 2013, the BIA dismissed his appeal.

On November 26, 2013, Moulic appealed the BIA's decision to the Ninth Circuit Court of Appeals. *Moulic v. Holder*, No. 13-73902 (9th Cir. appeal filed Nov. 26, 2013). On August 19, 2014, the Ninth Circuit denied Moulic's motion for a stay of removal. Moulic then filed an emergency motion for a stay of mandate, which the court also denied.

On August 11, 2014, Moulic filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this Court. *Moulic, Jr. v. California*, No. 2:14-cv-06426-ODW(KKx) (pet. filed Aug. 11, 2014). Magistrate Judge Kato subsequently issued an Order to Show Cause Why This Action Should Not Be Dismissed, noting that the Court lacked jurisdiction. Judge Kato reasoned that since Moulic was no longer "'in custody' under the conviction or sentence under attack at the time his petition [was] filed," Moulic was not "in custody" under the meaning of 28 U.S.C. § 2241. *See Maleng v. Cook*, 490 U.S. 488, 490–91. That Order to Show Cause is still pending.

On September 5, 2014, Moulic filed an identical Petition in the Eastern Division of this Court, together with this Motion. (ECF Nos. 1, 2.) That Motion is now before the Court for decision.

/ / /

### III. LEGAL STANDARD

The Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA") changed the default rule in favor of stays pending appeals of BIA decisions, now providing that service of a petition seeking a stay of a final order of removal "does not stay the removal of an alien pending the court's decision on the petition, unless the court orders otherwise." 8 U.S.C. § 1252(b)(3)(B). Despite this change in the law, the Ninth Circuit concluded that its pre-IIRIRA stay-of-removal test still applied. *Andreiu v. Ashcroft*, 253 F.3d 477, 483 (9th Cir. 2001).

To qualify for a stay of removal, a petitioner must demonstrate "'either (1) a probability of success on the merits and the possibility of irreparable injury, or (2) that serious legal questions are raised and the balance of hardships tips sharply in the petitioner's favor.'" *Id.* (quoting *Abbassi v. I.N.S.*, 143 F.3d 513, 514 (9th Cir. 1998)).

### IV. DISCUSSION

The Court finds that it lacks jurisdiction to consider Moulic's habeas corpus petition and therefore cannot grant the stay-of-removal relief that he requests.

**A. Lack of jurisdiction under § 2241**

As Judge Kato noted in her Order to Show Cause in Moulic's previous Petition, the Court lacks jurisdiction to consider Moulic's habeas corpus petition. The federal habeas statute grants federal courts the power to grant writs of habeas corpus with respect to persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The United States Supreme Court has interpreted the "in custody" requirement as meaning in custody "under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490–91. While a petitioner may still be "in custody" if he has been released on parole, a habeas petitioner is never in custody "when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.* at 491.

Here, Moulic states that he completed his state-court sentenced before ICE detained him in immigration custody. Since Moulic has fully completed his sentence,

he is not "in custody" and therefore not eligible for federal habeas relief under § 2241. Without having jurisdiction over Moulic's Petition, the Court cannot grant relief from his final order of removal. This ground alone is sufficient for the Court to deny the Motion.

**B.     Lack of jurisdiction pending Ninth Circuit review**

IIRIRA significantly limits federal review of final removal orders. The Act provides in sweeping language,

> Notwithstanding any other provision of law (statutory or nonstatutory), *including section 2241 of Title 28*, or any other habeas corpus provision, . . . and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in . . . 1227(a)(2)(A)(iii), (B), (C), or (D) of this title . . . .

8 U.S.C. § 1252(a)(2)(C) (emphasis added). Section 1227(a)(2)(A)(iii) establishes that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." The INA defines "aggravated felony" as, among others, "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). Moulic admits that he was convicted of violating California Penal Code section 288.[1] And the Ninth Circuit has concluded that a conviction "under California Penal Code Section 288(a) qualifie[s] as a conviction for 'sexual abuse of a minor' under 8 U.S.C. § 1101(a)(43)(A)." *United States v. Baron–Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999). IIRIRA therefore divests this court of habeas corpus jurisdiction.

But the IIRIRA does not leave Moulic without an avenue for judicial review. Section 1252(a)(2)(C) provides an exception to the jurisdictional divestiture. The Act states that "[n]othing in subparagraph . . . (C), . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review

---

[1] While Moulic asserts that he was convicted of violating section 288.1, that section does not prohibit lewd or lascivious acts on a minor; rather, section 288(a) contains that proscription.

*filed with an appropriate court of appeals* in accordance with this section." 8 U.S.C. § 1252(a)(2)(E) (emphasis added). While this Court is not a "court of appeals," the Ninth Circuit is. Moulic may consequently continue with his appeal in the Ninth Circuit, subject to that court's decisions.

Finally, the Supreme Court has noted that it is "generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). While Moulic has not yet appealed any decisions made by this Court,[2] he does still have an appeal of the BIA's decision pending before the Ninth Circuit. Since the appellate court has already denied a stay of the final order of removal and is considering the merits of the BIA appeal, the Court finds that it is not appropriate to simultaneously address those issues before this Court, including Moulic's current Motion.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Moulic's Emergency Motion. (ECF No. 2.)

**IT IS SO ORDERED.**

September 11, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[2] Moulic has filed a document titled "Notice of Appeal," which the Clerk of Court has docketed as a notice of appeal to the Ninth Circuit. The Ninth Circuit has apparently been alerted to this "appeal." But the Court clarifies that this document is not an appeal to the Ninth Circuit. Moulic explicitly states that he "appeals and petition[s] this court [the United State District Court for the Central District of California]" from the BIA's decision." This document seems to simply be another attempt by Moulic to appeal the BIA's decision, notwithstanding his appeal currently pending before the Ninth Circuit.